IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NCMIC FINANCE CORP., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 13-2065-CM |
| ) | |
| CHRISTOPHER J. REDMOND, ) | |
| Trustee of Brooke Corp., ) | |
| ) | |
| Appellee. ) | |

### MEMORANDUM AND ORDER

This matter is before the court on NCMIC Finance Corp.'s ("NCMIC") motion for leave to file an interlocutory appeal of the bankruptcy court's January 15, 2013 order dismissing substantially all of NCMIC's counterclaims (Doc. 2).[1] The Tenth Circuit has established the following standard for evaluating such motions:

> Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation.

*In re Larson*, 466 B.R. 147, 149–50 (10th Cir. B.A.P. 2012) (internal quotation and citation omitted).

Upon review, the court determines that NCMIC has not established that there is a controlling question of law as to which there is substantial ground for difference of opinion. In its motion, NCMIC identifies four issues that it contends are controlling questions of law. NCMIC next argues that there is substantial ground for difference of opinion on each question of law because each involves a difficult issue of first impression. But the simple fact that a controlling question of law

---

[1] NCMIC's motion also states that NCMIC "is seeking certification for direct appeal to the Tenth Circuit Court of Appeals, and shall file a Request for Certification by the Court in which this matter is pending, pursuant to 28 U.S.C. § 158(d)(2) and Fed. Bank. R. 8001(f)." (Doc. 2 at 1 (emphasis added).) Because this statement indicates that such a request is forthcoming and because NCMIC's motion contains no discussion of the standard for direct appeal to the Tenth Circuit, the court limits its analysis to NCMIC's request for an interlocutory appeal to this court. To the extent NCMIC intended for this motion to constitute such a request, the court determines that NCMIC has not established its entitlement to a direct appeal.

-1-

raises an issue of first impression does not, by itself, justify an immediate appeal. *See In re Brooke Corp.*, No. 11-2599-JWL, 2012 U.S. Dist. LEXIS 1765, at *6–7 (D. Kan. Jan. 6, 2012) ("The mere fact that a question of first impression arises does not automatically justify interlocutory review, however.").

The bankruptcy court carefully considered each question identified by NCMIC and provided a thoughtful and well-reasoned response that applied established law.  For example, the first question identified by NCMIC is whether the bankruptcy court erred in "determining that establishing a benefit to the bankruptcy estate was required before [NCMIC] could be granted administrative expense status under [11 U.S.C. § 503(b)(3)(E)], where [NCMIC] claimed to have been damaged by the tortious conduct of [Albert A. Riederer] during the Special Master period."  (Doc. 2 at 5.)  In resolving this question, the bankruptcy court determined that the legislative history of this statute reflected an intent to codify a 1903 decision of the United States Supreme Court.  The bankruptcy court further explained that the Tenth Circuit has construed a nearly identical phrase in the same statute to require a benefit to the estate.  Based on this law, the court determined that a benefit was required.  The bankruptcy court provided a similarly thorough analysis for the issues raised in questions two through four.[2]

Generally this prong of the interlocutory appeal analysis is satisfied when <u>courts</u> disagree on a controlling issue of law and an immediate appeal will resolve the split. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1224 (10th Cir. 2008) (concluding that there is substantial ground for difference of opinion because "the four circuits that have offered opinions on the issue have split evenly").  It is not satisfied simply because a party disagrees with the bankruptcy court's order, which appears to be the situation in the current case.  Indeed, NCMIC does not identify any disagreement between courts on the four questions identified in its motion.  This fact lends support to the Trustee's argument that NCMIC's counterclaims were based on "outlier" theories that have never been adopted

---

[2]  The court defers a definitive ruling on the four issues pending an eventual appeal.

by any court. Because NCMIC has not demonstrated a substantial ground for difference of opinion, an immediate appeal is not warranted.

Although the above is sufficient to deny NCMIC's motion, the court also determines that NCMIC has not demonstrated that an interlocutory appeal would materially advance the ultimate termination of this lawsuit. The facts and issues underlying NCMIC's counterclaims are separate and distinct from the facts and issues underlying the Trustee's claims. The time required to develop these facts and to evaluate these issues would be the same regardless of whether the questions identified by NCMIC are addressed now or are addressed after a final judgment. Therefore, an immediate appeal would not save the parties or the court significant time or resources. This is an additional reason for denying NCMIC's motion.

The Tenth Circuit has explained that interlocutory appeals are extraordinary and that courts should grant them with discrimination. *In re Larson*, 466 B.R. at 149–50. NCMIC has not demonstrated that there is anything unique or exceptional about this case. *See In re Fox*, 241 B.R. 224, 233 (10th Cir. B.A.P. 1999) ("Exceptional circumstances that warrant interlocutory review include cases where prohibiting review would force an appellant to irrevocably lose an important right, and cases where an appellant will effectively be denied review if the proceeding progresses to its natural end."). Accordingly, the court denies NCMIC's motion.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Leave to Appeal (Doc. 2) is denied.

Dated this 12th day of March, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
